N. F. CAMP, plaintiff in error, vs. BANCROFT, BETTS & MARSHALL, defendants in error.

A bill in Chancery will not be amended to enable the complainant to introduce matter which could not possibly have constituted a part of it at the time it was filed, in order to vitiate proceedings subsequently had, which were legal and regular at the time.

Illegality, in Butts Superior Court. Decision by Judge CABANISS, at June adjourned Term, 1857.

Bancroft, Betts & Marshall foreclosed a mortgage which they held against Nathan F. Camp, and issued a *fi. fa.* 6th December, 1856, under which the Sheriff levied upon one of the negroes mentioned in said mortgage.

Camp filed his affidavit of illegality, stating that said *fi. fa.* was proceeding against him illegally, because said mortgage had been restrained by an injunction issued out of Chancery

Camp vs. Bancroft, Betts & Marshall.

upon a bill filed by affiant, and said mortgage had been foreclosed and *fi. fa.* issued since the suing out and service of said bill and injunction, and which are yet pending in Butts Superior Court.

Upon the hearing of the case, the counsel for Bancroft & Co. moved to dismiss the affidavit of illegality.

Counsel for Camp objected to said motion, and moved to amend his original bill in equity, upon which and the proceedings therein had, he had predicated his grounds of illegality. The Court refused the motion to amend, dismissed the affidavit of illegality, and ordered the mortgage *fi. fa.* to proceed. To which order counsel for Camp excepted.

D. J. BAILEY, for plaintiff in error.

J. J. FLOYD, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

The only ground of illegality alleged in the affidavit is, that the mortgage on which the writ of *scire facias* was issued, has been enjoined and the mortgagees restrained from enforcing it, and that since the service of the injunction, the mortgage has been foreclosed, and on the judgment of foreclosure the execution was issued. On looking into the record it appeared there was no such injunction. The complainant moved to amend his bill in the Court below so as to allege facts transpiring since the filing of the bill, and which could not possibly have constituted a part of it truthfully, at the time of filing it. The Court refused the amendment for the purpose for which it was moved—to enable the party to introduce matter which could not possibly have been a part of it at the time it was filed, in order to vitiate proceedings subsequently had, which were legal and regular at the time.

But if the injunction had restrained the party and he had

proceeded in defiance of it, it is somewhat questionable if the complainant's remedy was not by a proceeding for contempt.   An injunction operates *in personam,* and not against the Court.

Judgment affirmed.